**Tibor GASPARIK, Plaintiff–Appellant,**

v.

**STONY BROOK UNIVERSITY, Defendant–Appellee.**

No. 07–3398–cv.

United States Court of Appeals, Second Circuit.

Oct. 16, 2008.

Tibor Gasparik, pro se.

Carol Fischer, Assistant Solicitor General, of Counsel (Andrew M. Cuomo, Attorney General, Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, on the brief), Office of the New York State Attorney General, New York, NY, for Appellee.

PRESENT: JON O. NEWMAN, ROGER J. MINER and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Tibor Gasparik challenges a July 9, 2007, 2007 WL 2026612, judgment of the District Court dismissing his complaint under 42 U.S.C. § 1983 against defendant-appellee Stony Brook University, a branch of the State University of New York ("SUNY"), for lack of subject matter jurisdiction. *See* Fed. R.Civ.P. 12(b)(1). The District Court adopted the July 7, 2007 Report and Recommendation of Magistrate Judge Arlene R. Lindsay, which found that Eleventh Amendment state sovereign immunity barred plaintiff's suit against SUNY in federal court. We assume the parties' familiarity with the facts and procedural history of the case.

We review *de novo* a district court's dismissal of a claim for lack of subject matter jurisdiction. *See Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007). Construing plaintiff's pleadings under "less stringent standards than formal pleadings drafted by lawyers," *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir.2008) (internal quotation marks omitted), we find that the District Court properly concluded that it lacked subject matter jurisdiction because SUNY has not consented to be sued in a federal forum and so is immune from suit pursuant to the Eleventh Amendment. *See Dube v. State University of New York*, 900 F.2d 587, 594 (2d Cir.1990) ("For Eleventh Amendment purposes, SUNY is an integral part of the government of the State [of New York] and when it is sued the State is the real party." (internal quotation marks omitted) (alterations in original)). Even if we were to read plaintiff's *pro se* pleadings as an effort to establish a claim for employment discrimination under Title VII of the Civil Rights Act, dismissal would be appropriate, as plaintiff failed to allege that he is a member of a class protected by the Act.

*See* 42 U.S.C. § 2000e–2(a) (listing protected classes).

For the foregoing reasons, plaintiff's appeal is **DISMISSED.**